IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-118-BO

| | |
|---|---|
| DENNIS CULBRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 18, 21]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on March 5, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 21] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim supplemental social security income (SSI) under Title XVI of the Social Security Act. Plaintiff filed his application on September 4, 2014, alleging disability dating back to November 22, 2013. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on April 25, 2016. The ALJ issued a decision on April 27, 2016, finding that plaintiff was not disabled. In April 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In June 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 7]. In December 2017, plaintiff moved for judgment on the pleadings. [DE 18]. Defendant moved for judgment on the pleadings in February 2018. [DE 21].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a

disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform his past relevant work activities, he was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing light work with some exertional limitations.

The Court finds that the ALJ committed reversible error in failing to identify and reasonably explain an apparent conflict between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT). In particular, the ALJ relied upon VE testimony that plaintiff's RFC—which included the limitation that plaintiff "could occasionally engage in overhead reaching bilaterally"—allowed him to work as a final inspector, mail clerk, and table worker. [Tr. 31, 39–40]. The ALJ certified under SSR 00-4p that the VE's testimony was consistent with the DOT. [Tr. 39]. But all three jobs, as described in the DOT, require frequent reaching. *See* DOT §§ 209.687-026; 521.687-102; 727.687-054 (Dep't of Labor 1977); *see also* Selected Characteristics of Occupations as Defined in the Revised Dictionary of Occupational Titles, §§ 06.02.02; 07.05.04 (Dep't of Labor 1993). The ALJ failed to explain this apparent conflict, despite asking the VE whether any conflicts existed.

In *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit remanded a similar case in which the ALJ had not explained an apparent conflict between the VE's testimony and the DOT. Consistent with *Pearson*, and given the ALJ's failure to reasonably explain the apparent conflict between the VE testimony and the DOT, this matter must be remanded to the Commissioner for further proceedings. Plaintiff's motion for judgment on the pleadings is, therefore, granted. On remand, all relevant evidence must be considered in reassessing whether plaintiff is disabled within the meaning of the Social Security Act.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 21] is DENIED. The decision of

the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this __18__ day of March, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE